**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 3 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 2 | Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                                          Case No.:        16-14672

Willie Worrill                                                  Judge:           KCF

                        Debtor(s)            3rd Modified
                                  **Chapter 13 Plan and Motions**

☐ Original            ☒ Modified/Notice Required            Date:    January 18, 2018

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: /s/WHO        Initial Debtor: /s/WW        Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____726.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____February 1, 2018_____ for approximately _____39_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

    ☒    Future earnings

    ☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

    ☐  Sale of real property
    Description:
    Proposed date for completion: _____

    ☐  Refinance of real property:
    Description:
    Proposed date for completion: _____

    ☐  Loan modification with respect to mortgage encumbering property:
    Description:
    Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

## Part 2:    Adequate Protection ☒ NONE

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Servicing - 1st Mortgage | 285 Lily Lane Freehold NJ | $27,359.89 (pre-petition arrears) | 0% | $20,851.59 | $1,098.00 |
| Willowbend Condo Assoc | 285 Lily Lane Freehold NJ | $1,866.00 | 0% | $1,866.00 | $311.00 |
| Specialized Loan Servicing - 1st Mortgage | 285 Lily Lane Freehold NJ | $3,163.55 (post petition arrears) | 0% | $3,163.55 | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Wells Fargo - 2nd Mortgage | 285 Lily Lane | $30,000.00 | $200,852 | $211,900.00 | $0 | 0% | $0 |
| Willow Bend Condo Assoc | 285 Lily Lane | $6,000.00 | $200,852 | $211,900.00 | $1,866.00 | 0% | see Part 4a* |
| One Main Financial | 2003 Buick | $9,000.00 | $1,000.00 | $0 | $1,000 | 4.25% | $850.20 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan ☒ NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ _____0.00_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions**  ☐ **NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**   ☒ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|----------|---------------------|--------------|----------------|---------------------|----------------------------|---------------------------------------------|------------------------------|
|          |                     |              |                |                     |                            |                                             |                              |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|----------|-----------|----------------|------------------------|----------------|--------------------------------------------|------------------------------------------|
|          |           |                |                        |                |                                            |                                          |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| One Main Financial | 2003 Buick Park Ave | $1,000.00 | $25,000.00 | $25,000.00 | balance of lien and interest above 4.5% rate |
| Willow Bend Condo Assoc | 285 Lily Lane Freehold NJ | $1,866.00 (6 months condo arrears) | | | |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Other Administrative Claims - William H. Oliver

3) Secured Claim

4) Priority Claims; 5) General unsecured claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____10/05/2016_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan payment<br>add post petition arrears to 4a | changed plan payment<br>added arrears to 4a |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒  Yes    ☐  No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _01/18/2018_____        /s/ William H. Oliver, Jr._____
                                     Attorney for the Debtor


Date: _01/18/2018_____        /S/Willie Worrill_____
                                     Debtor


Date: _____        _____
                                     Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 01/18/2018 _____          /s/ William H. Oliver, Jr. _____
                                              Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 01/18/2018 _____          /S/Willie Worrill _____
                                              Debtor

Date: _____              _____
                                              Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 16-14672-KCF
Willie Worrill                                                            Chapter 13
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3            User: admin              Page 1 of 2          Date Rcvd: Jan 19, 2018
                               Form ID: pdf901          Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 21, 2018.
db            +Willie Worrill,   285 Lily Lane,    Freehold, NJ 07728-4037
cr            +Specialized Loan Servicing LLC as servicing agent,    C/O Buckley Madole, P.C.,
               99 Wood Avenue South, Suite 803,    Iselin, NJ 08830-2713
516054339     +1st Crd Srvc,   One Woodbridge Cen Suite 410,    Woodbridge, NJ 07095-1151
516054340    ++ASPEN NATIONAL COLLECTIONS,    PO BOX 10689,    BROOKSVILLE FL 34603-0689
              (address filed with court: Aspen Coll,    Pob 5129,   Spring Hill, FL 34611)
516054341     +Bank of America Home Loans,    P.O. Box 5170,    Simi Valley, CA 93062-5170
516054343     +Santander Bank Na,   865 Brook St,    Rocky Hill, CT 06067-3444
516136175     +Santander Bank Nv Na,    601 Penn Street,   10-6438-FB7,    Reading, PA 19601-3563
516054344     +Specialized Loan Servicing, LLC,    PO Box 636005,    Littleton, CO 80163-6005
516142474     +The Bank of New York Mellon, Trustee (Sale 410),    c/o Specialized Loan Servicing LLC,
               8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
516054345      Wells Fargo Bank Nv Na,    2324 Overland Drive,    Dallas, TX 75266
516229669      Wells Fargo Bank, N.A.,    1 Home Campus  X2303-01A,    Des Moines, IA 50328-0001
516054346     +Willowbend Condo Association,    PO Box 64148,    Phoenix, AZ 85082-4148
516128038     +Willowbend Condominium Association, Inc.,    c/o Cutolo Mandel LLC,
               151 Highway 33 East, Suite 204,    Manalapan, New Jersey 07726-8635

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Jan 20 2018 00:31:14     U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 20 2018 00:31:11      United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
516236849     +E-mail/PDF: cbp@onemainfinancial.com Jan 20 2018 00:32:32     One Main Financial Group LLC,
               6801 Colwell Bvld,   Mail Stop: NTSB 1310,    Irving, TX 75039-3198
516229961      E-mail/PDF: cbp@onemainfinancial.com Jan 20 2018 00:32:48     OneMain Financial Group, LLC,
               PO Box 70912,   CHARLOTTE, NC 28272-0912
516054342     +E-mail/PDF: cbp@onemainfinancial.com Jan 20 2018 00:32:48     Onemain,   Po Box 499,
               Hanover, MD 21076-0499
                                                                                    TOTAL: 5

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516229963*     OneMain Financial Group, LLC,    PO Box 70912,    CHARLOTTE, NC 28272-0912
                                                                         TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 21, 2018                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 18, 2018 at the address(es) listed below:
              Albert  Russo   on behalf of Trustee Albert  Russo docs@russotrustee.com
              Albert  Russo   docs@russotrustee.com
              Denise E. Carlon   on behalf of Creditor   The Bank of New York Mellon FKA The Bank of New York,
               as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series
               2007-1 dcarlon@kmllawgroup.com,  bkgroup@kmllawgroup.com
              Francesca Ann Arcure   on behalf of Creditor   Specialized Loan Servicing LLC as servicing agent
               for Deutsche Bank National Trust Company, as Trustee for IndyMac INDX Mortgage Loan Trust,
               Series 2004-AR6, Mortgage Pass-Through Certificates, Series nj_ecf_notices@buckleymadole.com,
               NJ_ECF_Notices@McCalla.com
              William H. Oliver, Jr.   on behalf of Debtor Willie  Worrill bkwoliver@aol.com,
               R59915@notify.bestcase.com

District/off: 0312-3            User: admin                Page 2 of 2            Date Rcvd: Jan 19, 2018
                               Form ID: pdf901            Total Noticed: 18

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

                                                                                        TOTAL: 5